61 F.3d 905
 76 A.F.T.R.2d 95-5719, 95-2 USTC P 50,420
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Atwood L. BURNS, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-1491.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided June 30, 1995.
Order Granting Motion to Amend July 12, 1995.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Atwood Burns drives a taxicab. He also purports to earn a living as a photographer and as a CPA working from a combination studio-office in the basement of his apartment. In 1988 and 1989, however, he did not charge for any photography services he provided, and performed only three hours of paid work as an accountant for a total of less than one hundred dollars. Still, Burns claimed numerous deductions for expenses related to his activities in photography and accounting, including rent. In addition, he claimed deductions for his commute in his personal car to the taxicab company he works for. As a result of these deductions, Burns paid no tax for these two years.
 
 
 2
 The Commissioner issued a notice of deficiency and negligence penalties after disallowing $13,903 of these deductions. Burns petitioned the Tax Court for a redetermination and filed amended returns claiming additional car expenses and a deduction for insurance on personal property and business courses. After a trial, the Tax Court ruled for the Commissioner, finding that Burns did not engage in his photography or accounting with the intent to make a profit during 1988 and 1989. The claimed business expenses were thus nondeductible personal expenses; too, the car expenses were nondeductible commuting expenses. The Tax Court also found that Burns failed to rebut the presumption of correctness afforded the Commissioner's determination that he prepared his returns negligently.
 
 
 3
 On appeal, Burns argues nothing to contest the correctness of these findings, much less indicate that they were clearly erroneous. He complains of a lack of evidence to support the findings of the Tax Court, ignoring that it is the burden of the taxpayer to demonstrate the correctness of deductions. Lydon v. Commissioner, 351 F.2d 539, 546 (7th Cir. 1965). That Burns had a "gut feeling" that he was going to win is of no legal moment to the adequacy of the proceedings. The decision of the Tax Court is AFFIRMED.
 
 July 12, 1995
 
 4
 Upon consideration of the MOTION TO VACATE JUDGMENT filed July 7, 1995, by the pro se appellant, which the court construes as a motion to amend the June 30, 1995 order issued in this case,
 
 
 5
 IT IS ORDERED that #1 is GRANTED. The Court's June 30, 1995 order will be amended to reflect that "appellant filed a statement as to the need for oral argument of May 15, 1995 but the court concludes that oral argument in this appeal is unnecessary."
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No statement has been filed. Accordingly, the appeal is submitted on the briefs and the record